John Kevin Crowley (Bar No. 88189)
*ATTORNEY AT LAW*
125 S. Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 288-8100
Facsimile: (408) 288-9409
e-mail: jkclaw@pacbell.net

Attorney for Plaintiff
**TROY NORVELL**

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY NORVELL,<br><br>　　Plaintiff,<br><br>vs.<br><br>THE COUNTY OF SANTA CLARA; SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, SHERIFF DEPUTY DOE 1, SHERIFF DEPUTY DOE 2, SHERIFF DEPUTY DOE 3 and DOES 4 through 50, inclusive<br><br>　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>(1) VIOLATION OF CIVIL RIGHTS (42 U.S.C §1983);<br>(2) VIOLATION OF CIVIL RIGHTS (CAL. CIVIL CODE §52.1);<br>(3) ACT OF VIOLENCE MOTIVATED BY RACIAL BIAS (CAL. CIVIL CODE §51.7);<br>(4) ASSAULT;<br>(5) NEGLIGENCE<br>(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Troy Norvell, hereby demands a trial by jury on all claims set forth herein, and allege as follows:

## INTRODUCTION

1. This case concerns the physical attack of Troy Norvell by Deputies of the Santa Clara County Sheriff's Department while Plaintiff was in their custody.

1

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343, because the action arises under 42 U.S.C. §1983. Venue is proper in this judicial district because the events giving rise to the claims occurred within the district.

## PARTIES

4. Plaintiff, Troy Norvell is the victim of the wrongful conduct.

5. Defendant, the County of Santa Clara, is a municipal corporation located in the County of Santa Clara, State of California. The County of Santa Clara maintains a sheriff's department, which acts as its agent in the area of law enforcement and has custody and control of the county jail.

6. Defendants, SHERIFF DEPUTY DOE 1, SHERIFF DEPUTY DOE 2, SHERIFF DEPUTY DOE 3, are employed as a deputy sheriffs by the County of Santa Clara, and at all times relevant to the incident described in this complaint was acting in the course and scope of that employment and was acting under color of law.

7. On or about March 9, 2016, based on information and belief, Plaintiff filed a timely Government Tort Claim with the County of Santa Clara, Clerk of Board of Supervisors, in accordance with the provisions of Government Code § 910 et seq.

8. Upon information and belief, each of the parties named as a Defendant was acting as the agent, servant and employee of the remaining such Defendants and was acting within the course and scope of such agency and employment, with the knowledge, permission, and consent of each other and of the remaining Defendants, and for the benefit of all or one or more of those parties referred to as Defendants.

9. Plaintiff is informed and believes that when the Defendants perpetrated all or some of the acts, conduct and/or omissions alleged herein, each of them individually, or through their authorized agents, servants, employees, or both, knew of such acts, conduct and omissions, and/or knowingly acquiesced in, and/or aided and abetted, and/or knowingly accepted the benefits of the same. Plaintiff is therefore,

informed and believes that, by reason of the foregoing, Defendants are jointly and severally liable to Plaintiff for such damages suffered as alleged herein.

## FACTS

10. On or about March 1, 2016, Troy Novell was being transported to and from the Santa Clara County Superior Court by Santa Clara County Deputy Sheriffs so that he could make his court appearance set for that date, as Plaintiff was in the custody of the Santa Clara County Sheriff's Department and being housed in the Santa Clara County Jail located on Hedding Street, San Jose, California.

11. During the transportation, Plaintiff was shackled with another inmate who suffered from a foot illness and was unable to keep up with the line movement during the transportation. At a time when a co-shackled inmate, named "Freddie", was walking slower than the others in line, and at the time Plaintiff was shackled to Freddie, a deputy sheriff came up to Freddie and ordered him to speed up. Freddie informed the deputy that he had a foot illness and could not keep up with the group, whereupon the Deputy told him "fuck your feet". Freddie there upon responded to the Deputy by saying, "Fuck You". The Deputy then began chocking Freddie, in a violent and dangerous manner, Plaintiff attempted to remove himself from this altercation but was unable to because he was still shackled to Freddie.

12. During the time Freddie was being violently chocked by SHERIFF DEPUTY DOE 1, a second Deputy, SHERIFF DEPUTY DOE 2, came by and grabbed Plaintiff and with great force, slammed Plaintiff into a pillar extending from the wall resulting in harm and injury to Plaintiff.

13. Plaintiff did nothing to provoke this violent physical attack.

14. Plaintiff was placed in a cell and thereafter repeatedly verbally and in writting requested medical assistance for his injuries arising from the violent attack; his numerous requests were denied. Approximately one week elapsed and Plaintiff lost

consciousness and fell, hit his head and was further injured; based on information and belief he remained unconscious in the cell for approximately 45 minutes. Plaintiff did not regain consciousness until he was in the hospital.

15. As a further result of this unprovoked assault and battery upon Plaintiff, he has suffered long term pain, harm and discomfort; the fact that Plaintiff's request for immediate emergency medical assistance went without response, Plaintiff lost consciousness and suffered additional harm and loss because of a subdural hematoma and resulting brain damage.

16. Plaintiff is informed and believes the assault and battery was recorded on hallway monitor video recording devices. He believes this because after the incident a third Deputy, SHERIFF DEPUTY DOE 3, confronted him and accused him of fabricating the incident and would not allow a transport of Plaintiff to a proper and competent medical facility; at that time Plaintiff suggested to the Deputy to view what was reflected on the video recording; the Deputy left and later returned ordering that Plaintiff be transported to the medical facility.

17. Plaintiff is informed and believes that during this time, Defendants SHERIFFS DEPUTIES, exchanged threatening, offensive and insulting electronic communications and video recordings on their electronic devices, making threats and comments against Plaintiff, based on racial animus.

18. Defendants and each of them were aware that Plaintiff did nothing to provoke or justify the assaultive conduct of the Deputies; further, Plaintiff did nothing to justify the delay in providing medical assistance.

19. Plaintiff is informed and believe and based thereon allege that, at all times relevant herein, the defendant Sheriff's Deputies had specific knowledge that they were acting unlawfully in the manner in which they assaulted, battered, restrained and incarcerated Plaintiff, including but not limited to: their objectively unreasonable use of excessive force in accomplishing the assault, and their knowing and deliberate withholding of much needed medical treatment. The Sheriffs conduct amounted to an extreme abuse of their positions of authority, a grossly negligent performance of their duties, and/or intentional misconduct.

20. The Sheriffs above-described wrongful, objectively unreasonable and excessive use of force, and withholding of medical treatment caused Plaintiff to suffer damages including significant physical injuries, resulting fear, pain, emotional distress, and exacerbation of spinal damage.

21. In addition to their vicarious liability as the employers of the individual Sheriffs, the Defendant County and its Sheriff's Office are directly liable to the Plaintiffs for their inadequacy of deputy training on the interaction with and custody of jail inmates, said failure to train amounting to a deliberate indifference to the rights of said persons, including the Plaintiff, as set forth more fully below.

22. Plaintiff is an African American male, who at the time was physically disabled.

**INCORPORATION OF PRELIMINARY ALLEGATIONS**

23. Unless the context clearly indicates otherwise, the preliminary allegations contained in paragraphs 1 through 22, inclusive, shall be deemed to be incorporated

herein by reference, as though fully set forth at length in each and every cause of action set forth in this complaint.

# FIRST CAUSE OF ACTION
[Action by Plaintiff, Troy Novell, Against Defendants, DOE I, DOE II, and DOE III for Violation of Civil Rights (42 U.S.C. §1983)]

## PARTIES

24. Plaintiff, Troy Novell, brings this claim against Defendants, DOES I, II and III.

## VIOLATIONS CHARGED

25. On or about March 1, 2015, DEPUTIES DOES 1, 2 and 3 acted under color of law to deprive Troy Novell of certain clearly-established Constitutional rights, including the right to be free from unreasonable seizures of the person and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

## DAMAGES

26. As the direct and proximate result of the conduct of the Defendants, at all times herein mentioned, these Defendants knew, or should have known of Plaintiff's serious physical health condition; were deliberately indifferent to said condition; and failed to provide access to and delivery of medical or mental health intervention, care, and attention for said Plaintiff, causing harm and injury as set forth above.

27. As a legal cause of Defendants' deliberate indifference and conduct, Plaintiff was subjected to cruel physical abuse and resulting physical injury, racial animus, false and unlawful detention, deprivation of the necessary medical intervention, care, and treatment.

28. Each individual Defendant acted recklessly or with callous indifference to Plaintiff's serious medical health condition and to Plaintiffs' constitutional rights and

should be assessed punitive damages.

29.   The municipal defendant, in addition to its vicarious liability pursuant to Gov. Code, § 815.2(a), is directly liable for the federal civil rights violations stated herein due to its failure to train County law enforcement officers in interacting with jail inmates, including but not limited to failure to provide relevant training and education, to implement policies, procedures, and practices necessary to proper interaction with jail inmates, and to conduct adequate peace officer performance reviews, investigations, and corrections of previous violations.  Said Defendant had a duty to provide such specialized training, education, etc., regarding jail inmates and persons, and its failure in this regard constitutes deliberate indifference to the constitutional rights of mentally ill persons.  In perpetrating said failure to train, etc., the County acted recklessly, intentionally, or with gross negligence, such that deprivation of persons' constitutional rights was substantially certain to result.

30.   By virtue of the provisions of 42 U.S.C.A. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs according to proof.

## SECOND CAUSE OF ACTION
[Action by Plaintiff, Troy Novell, Against All Defendants for Violation of Civil Rights (California Civil Code §52.1)]

### PARTIES

31.   Plaintiff, Troy Novell, brings this claim against all Defendants.

### VIOLATIONS CHARGED

32.   On or about March 1, 2015, DEPUTY DOES 1, 2, and 3 while in the course and scope of their employment with the County of Santa Clara, deprived Troy Novell of certain clearly-established Constitutional rights, including the right to be free from unreasonable seizures of the person and the right to be free from excessive force

by police officers, as guaranteed by the Fourth Amendment to the United States Constitution, specifically the right to be free from unreasonable and excessive force, false and unlawful assault and battery, and intentional denial of necessary medical treatment. Defendants interfered with said Plaintiff's rights by intimidation, coercion, physical abuse, and abuse of authority, specifically by unlawfully employing objectively unreasonable, unnecessary, and excessive force on the Plaintiff, by knowingly and intentionally wrongfully assaulting and battering Plaintiff and by intentionally depriving the Plaintiff of necessary medical treatment.

## DAMAGES

32. As a proximate result of the actions of Defendants, Plaintiff suffered general and special damages, including physical harm, exacerbation of physical illness, and extreme emotional distress resulting from having been subjected to physical beating, and deprivation of necessary medical treatment by the defendant Sheriffs. The defendant Sheriffs' conduct was unlawful and undertaken by intimidation, abuse, and coercion that was unnecessary to and independent from the need to detain the Plaintiff for legal purposes and treatment.

33. The actions of the Defendants violated Civ. Code, § 52.1.

34. Defendants' violation of Civ. Code, § 52.1 entitles the Plaintiff to compensatory and exemplary damages pursuant to Civ. Code, §§ 52.1 and 52.

35. Defendants' violation of Civ. Code, § 52.1 entitles Plaintiff to reasonable attorney's fees pursuant to Civ. Code, § 52.1, subd. (h).

## THIRD CAUSE OF ACTION
[Action by Plaintiff, Troy Novell for Committing An Act of Violence Motivated by Racial Bias (California Civil Code §51.7)]

## PARTIES

36. Plaintiff, Troy Novell, brings this claim against all Defendants.

## VIOLATIONS CHARGED

37. California Civil Code §51.7 provides that all Californians have the right to be free from violence committed against their person on account of their race or ethnicity.

38. On or about March 1, 2015, DEPUTY DOES 1, 2 and 3, while in the course and scope of their employment with the County of Santa Clara, deprived Troy Novell of certain clearly-established Constitutional rights, including the right to be free from unreasonable seizures of the person and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution, specifically the right to be free from unreasonable and excessive force, false and unlawful assault and battery, and intentional denial of necessary medical treatment. Defendants interfered with said Plaintiff's rights by intimidation, coercion, physical abuse, and abuse of authority, specifically by unlawfully employing objectively unreasonable, unnecessary, and excessive force on the Plaintiff, by knowingly and intentionally wrongfully assaulting and battering Plaintiff and by intentionally depriving the Plaintiff of necessary medical treatment. The physical attack, assault, battery and delay in providing medical treatment was motivated in part by racial bias. Defendants, DOES I, II and III harbor an internal bias and racial animus against African-Americans, which causes them to perceive African-Americans like Troy Novell as being more likely to commit a criminal act and being more dangerous than persons of other races.

39. This sort of racial bias, while not uncommon, is nonetheless unacceptable - - particularly in the context of law enforcement. In this case, racial bias contributed to the physical attack and delayed medical treatment of Troy Novell by causing the deputies to perceive him as more of a threat than he actually was, resulting in the officers immediate, unprovoked and unjustified attack, assault, battery and delay in providing medical treatment to him. This act of violence committed on account of Troy Novell's race was a violation of Civil Code §51.7.

## DAMAGES

40. As the direct and proximate result of the foregoing acts and omissions to act and the harm suffered by Plaintiff, Plaintiff suffered general and special damages, including physical harm, exacerbation of physical illness, and extreme emotional distress resulting from having been subjected to physical beating, and deprivation of necessary medical treatment by the defendant Sheriffs. The defendant Sheriffs' conduct was unlawful and undertaken by intimidation, abuse, and coercion that was unnecessary to and independent from the need to detain the Plaintiff for legal purposes and treatment.

41. As a further direct and proximate result of the foregoing, Plaintiff has been generally damaged in a sum to be established according to proof.

42. As a further direct and proximate result of the foregoing, Plaintiff has suffered special damages in a sum to be established according to proof.

43. Plaintiff is entitled to a statutory penalty in the amount of $25,000, pursuant to Civil Code §52(b)(2).

## FOURTH CAUSE OF ACTION
### [Action by Plaintiff Troy Novell Against All Defendants for Assault]

### PARTIES

44. Plaintiff Troy Novell brings this cause of action against all Defendants.

### VIOLATIONS CHARGED

45. Plaintiff hereby incorporates all of the foregoing allegations of this complaint.

46. Defendants' conduct as alleged above, including but not limited to the defendant Sheriffs use of force to assault and batter Plaintiff, and delay providing needed emergency medical treatment, was unprivileged, without said Plaintiff's consent, in violation of the law, without justification, objectively unreasonable,

excessive, and constituted assault and battery for which defendant Sheriffs are individually liable.

47. As a proximate result of the foregoing, Plaintiff has sustained physical injuries, exacerbation of physical illness, and has incurred medical bills and other expenses, and has been injured as alleged in this complaint. These injuries have caused and will continue to cause Plaintiff significant pain and suffering, both mental and physical.

48. Plaintiff is informed and believes and thereon alleges that: Defendant Sheriffs knowingly, intentionally and willfully engaged in the foregoing conduct which they knew was certain to wrongfully injure said Plaintiff and deprive Plaintiff of his rights, and said Defendants knowingly, willfully and intentionally exposed said Plaintiff to cruel and unjust hardship which resulted from Defendants' wrongful conduct, all of which amounted to "oppression" within the meaning of Civil Code Section 3294(c)(2). In engaging in the foregoing conduct, said Defendants consciously disregarded the rights of the Plaintiff, all of which amounted to "malice" within Civil Code Section 3294(c)(1). All of the foregoing conduct of said Defendants amounted to "despicable conduct" within the meaning of Civil Code Section 3294. By reason of the foregoing, Plaintiffs should be awarded punitive damages against individual defendant Sheriffs.

49. Defendant County is liable under this cause of action pursuant to Gov. Code, § 815.2(a), providing that a public entity may be held vicariously liable for the conduct of its employees acting within the scope of their employment to the extent that the employees themselves may be held liable.

**DAMAGES**

50. As the direct and proximate result of the conduct alleged herein, Plaintiff has been generally damaged in a sum to be established according to proof.

51. Plaintiff is entitled to an award of punitive damages as against the Defendants, because of their malicious conduct.

## FIFTH CAUSE OF ACTION
**[Action by Plaintiff Troy Novell Against All Defendants for Negligence]**

### PARTIES

52. Plaintiff Troy Novell brings this cause of action against all Defendants.

### VIOLATIONS CHARGED

53. Plaintiff hereby incorporates all of the foregoing allegations of this complaint and further charges that Defendants and each of them, failed to exercise reasonable care in discharging their duties, which caused harm, including but not limited to extreme emotional distress, to Plaintiff.

54. The force used by Defendants and each of them, was excessive and constitutionally unreasonable, and therefore they are also liable for the negligent acts that harmed Plaintiff.

### DAMAGES

55. As a direct and proximate result of the foregoing, Plaintiffs have been generally damaged in a sum to be established according to proof.

## SIXTH CAUSE OF ACTION
**[Action by Plaintiff Troy Novell Against All Defendants for Intentional Infliction of Emotional Distress]**

### PARTIES

56. Plaintiff Troy Novell brings this cause of action against all Defendants.

### VIOLATIONS CHARGED

57. Plaintiff hereby incorporates all of the foregoing allegations of this complaint.

58. The Defendant Sheriffs' conduct as described herein was outrageous.

59. At the time that said Defendants engaged in the foregoing conduct, Defendants knew that their conduct was substantially certain to cause severe

emotional distress to Plaintiff. Said conduct of the Defendants did in fact cause severe emotional distress to the Plaintiff.

60. By reason of the foregoing, Plaintiff has incurred injuries and damages as hereinbefore alleged in this complaint.

61. Plaintiff is informed and believes and thereon alleges that: Defendant Sheriffs knowingly, intentionally and willfully engaged in the foregoing conduct which they knew was certain to wrongfully injure Plaintiff and deprive Plaintiff of his rights, and said Defendants knowingly, willfully and intentionally exposed Plaintiff to cruel and unjust hardship which resulted from Defendants' wrongful conduct, all of which amounted to "oppression" within the meaning of Civil Code Section 3294(c)(2). In engaging in the foregoing conduct, said Defendants consciously disregarded the rights of the Plaintiff, all of which amounted to "malice" within Civil Code Section 3294(c)(1). All of the foregoing conduct of said Defendants amounted to "despicable conduct" within the meaning of Civil Code Section 3294. By reason of the foregoing, Plaintiff should be awarded punitive damages against the defendant Sheriffs.

62. Defendant County is liable under this cause of action pursuant to Gov. Code, § 815.2(a), providing that a public entity may be held vicariously liable for the conduct of its employees acting within the scope of their employment to the extent that the employees themselves may be held liable.

### PRAYER

WHEREFORE, Plaintiff requests the following relief:

1. As against all Defendants, for compensatory and statutory damages according to proof,

2. As against the individual officer Defendants, for an award of punitive damages;

3. As against all Defendants, for an award of reasonable attorney's fees;

4. As against all Defendants, for costs of suit;

13

5. For such other and further relief as the Court deems just and proper.

Dated: December 21, 2016

JOHN KEVIN CROWLEY

*/s/ John Kevin Crowley*

John Kevin Crowley
Attorney for Plaintiff